## Rieck-McJunkin Dairy Co. *v.* Sachs Real Estate Co., Appellant.

Argued April 27, 1931.

Be-

fore TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*H. P. Eberharter*, for appellants.

*Raymond R. Goehring* of *Patterson, Goehring, McClintock and Collin*, for appellee.

OPINION BY TREXLER, P. J., July 8, 1931:

The question submitted is, "does the Act of April 22, 1927, P. L. 351, exempting ice-cream cabinets, icecream containers and appurtenances thereto, leased, loaned, hired or conditionally sold, from levy or sale on execution or distress for rent, violate the provisions of Article 3, Section 7 of the Constitution of Pennsylvania of 1874?" We look in vain through the entire record as presented to us to find that that question was raised in the court below. There is no reference made to it in the pleadings or in the opinion of the court.

The appellant relies upon the following portion of Article 3, Section 7: "The General Assembly shall not pass any local or special law authorizing the creation, extension or impairing of liens;" "granting to any corporation, association or individual any special or exclusive privilege or immunity."

The right given to the landlord to distrain is of very ancient origin. Presumably, at the start the right could be enforced against all property on the premises, but from time to time certain articles have been recognized as being exempt from distress; among these were things temporarily on the premises, as a horse at a farriery or hostelry; materials left to be worked into the finished product; corn at the mill; beasts at the plough; tools of the trade; the books of a scholar; and the goods of a boarder. Each of these at some time or other were exempt from distress.

The Act of 1772, March 21, 1 Smith's Laws, 370, exempted property to the value of $300 and in addition thereto, wearing apparel of the defendant and his family, Bibles and school books in use. Later on, in the Act of April 17, 1869, P. L. 69, sewing machines of seamstresses were exempt and by the Act of March 4, 1870, P. L. 35, all sewing machines used in private homes; by the Act of May 13, 1876, P. L. 171, leased pianos, organs, etc.; by the Act of May 3, 1909, P. L. 423, leased soda water apparatus and appurtenances; and by the Act of May 3, 1909, P. L. 407, leased electric motors, fans, or dynamos.

The right to exempt certain articles either from execution generally or from execution or distress for recovery of rent is firmly fixed in our laws and none but the strongest reasons would move us to hold that the language employed in our present constitution puts an end to this practice. The act which we are considering should only be declared unconstitutional if such conclusion clearly, palpably and plainly follows and leaves no doubt or hesitation in our minds. Heisler v. Thomas Colliery Co., 274 Pa. 448.

The landlord has no lien upon the goods on the premises except such as arises after the distress is made, and the act cannot be said to *impair* any lien. The legislature could take away the right of distraint

entirely. It follows that it can also limit its exercise to certain articles. "The right to distrain the property of a stranger rests on no principle of reason or justice." C. J. Gibson, Brown v. Sims, 17 S. & R. 138, and "there is little reason to doubt that the exceptions will in the end eat out the rule." It will be noticed (supra) that since the adoption of our present constitution, there have been four acts of assembly passed concerning which the same objection could be made as to the one we are now considering, but their constitutionality as far as we have been able to learn has never been questioned.

If the question of classification is involved, we may assume that the ice-cream business is a separate and distinct field of enterprise and has its distinct peculiarities in operation. The appellant has not shown that there is no justification for placing this business in a distinct class. Presumably, the legislature had in view certain features of this particular class of trade which moved it to exempt it from the operation of the laws in relation to landlord and tenant. It is a reasonable exercise of legislative power to provide that after certain preliminaries of notice to the landlord are complied with, that the ice-cream cabinets and the appurtenances accompanying them shall not be liable to distress for rent.

The action of the legislature moreover receives justification as we have already indicated from the immemorial practice which has prevailed of limiting the landlord's right of distress by the exemption of various articles. By the present act, there is one more added to the long list of exempted articles.

The judgment is affirmed.